NO. 7910

THE CABLE COMPANY

vs

PERCY D. MITCHELL.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

7910

By his Honor John St. Paul.

Plaintiff sues for the unpaid balance of the purchase price of a certain player piano. The judgment below was as prayed for, and defendant appealed devolutively.

Pending the appeal, defendant died and his representatives were duly made parties.

I.

Appellants complain that the judgment below was based upon a "note", which plaintiff failed to produce. But the only note which figured in the transaction was the written contract of purchase containing the promise to pay for the piano in fixed monthly instalments; and that was made part of the petition.

II.

Appellants also complain that the judgment recognizes a vendor's lien upon the piano although plaintiff is only assignee of the claim, the sale of the piano having taken place in this state, but the claim having been assigned outside of the state (so it is said). But aside from the fact that plaintiff's domicile is at Chicago, there is no evidence in the record to show that the assignment was completed elswhere than within the state.

Be that however as it may; our law is that "the sale or transfer of a credit includes everything which

is an accessory to the same, as suretyship, privileges and mortgages". C. C. 2465. And the common law rule is the same; for "No principle is better settled than this, that the assignment of a debt carries with it an assignment of a judgment (lien) or mortgage by which it is secured". Batesville Institute vs Kaufman, 18 Wallace 151 (154)

The principle that at common law, no vendor's privilege results from the sale of movables, has no application here; since the sale of the piano took place in this state, and gave rise to a vendor's lien; which lien followed the debt when assigned. (18 Wallace 154)

### III.

It is claimed that the piano was not in working condition when delivered and has never since been so. But this is contradicted; and the fact that for five years after the delivery, ~~plaintiff~~ defendant continued to make payments thereon (though very irregularly) impresses us, as it did the trial judge, that this claim is only an after thought.

The judgment appealed from appears to us correct, and accordingly

Judgment Affirmed.

New Orleans La, February 7th, 1921.